[No. 9841. Department One. — May 25, 1885.]

O. B. POWERS, PETITIONER, v. A. M. CRANE, JUDGE, ETC., RESPONDENT.

| 67 | 65 |
| 80 | 620 |
| 67 | 65 |
| 93 | 267 |
| 67 | 55 |
| 98 | 443 |

APPEAL — JUDGMENT OF FORECLOSURE — CHATTEL MORTGAGE — UNDERTAKING TO STAY EXECUTION. — The statutory undertaking of $300 given on an appeal from a judgment for the foreclosure of a chattel mortgage operates as a stay of execution, and if a further undertaking be given to stay execution, it cannot be enforced against the sureties therein for want of consideration.

APPLICATION for a writ of mandate to the judge of the Superior Court of Alameda County ·

On December 21, 1880, the petitioner obtained a judgment against J. A. Johnson and J. B. Wyman for the foreclosure of a chattel mortgage and a sale of the mortgaged property. From this judgment and an order denying a new trial an appeal was taken. To perfect the appeal an undertaking in the sum of $300, conditioned to pay the costs and damages on appeal, was executed, and also an undertaking in the sum of $6,661.36 to stay proceedings on the judgment. After an affirmance of the judgment and order on appeal the mortgaged property was sold, and a judgment docketed for the deficiency. The further facts are stated in the opinion of the court.

*Edward Lynch*, for Petitioner.

*B. McFadden*, and *Flournoy, Mhoon & Flournoy*, for Respondent.

LXVII. CAL. — 5.

Ross, J. — The petitioner's counsel states that if the undertaking given to stay execution in the action entitled *Johnson* v. *Powers* was not binding upon the sureties thereon, it would be idle to compel the respondent by mandamus to act upon the petitioner's motion.   In this respect we agree with petitioner, and therefore inquire whether the undertaking is binding upon the sureties.   *Johnson* v. *Powers* was an action in which by cross complaint, the defendant therein sought the foreclosure of a chattel mortgage.  The court by its decree ascertained the amount due from the plaintiff to the defendant, and ordered a sale of the mortgaged property to pay the amount, with the usual provision in regard to the payment of costs, commissions, etc., and directing that in the event the proceeds of the sale be insufficient to pay the mortgage debt, that a judgment be docketed against the plaintiff in defendant's favor for such deficiency. From that judgment the plaintiff appealed, and for the purpose of staying execution of the judgment, gave in addition to the statutory undertaking of $300, an undertaking in double the amount of the sum ascertained by the decree to be due from the plaintiff to the defendant.   On appeal the judgment was affirmed, and upon the going down of the *remittitur* the defendant's costs of appeal were paid to him and an order of sale issued under which the property was sold, and having realized but a trifle of the amount of the mortgaged debt, the defendant, who is the petitioner here, sought by motion in the court below to have judgment entered against the sureties on the undertaking for the amount of the deficiency.   On behalf of the sureties who are the real parties in interest here, it is claimed that the undertaking, except in so far as the $300 is concerned and about which no question arises, was without consideration and void. The pretended consideration therefor was a stay of execution of the decree appealed from.   And if the law itself operated a stay upon the giving of the $300 bond it would seem that the point is well taken.   That the statute did so operate was held by this court in the case of *Snow* v. *Holmes*, 64 Cal. 232.   As the statute itself wrought the stay, there was no consideration for the sureties' promise.   The benefit which the plaintiff in the case of *Johnson* v. *Powers* secured from the appeal came from the statute and not from the promise of the sureties.

Hence, what is said in *Hathaway* v. *Davis*, 33 Cal. 169, is not applicable.

Writ denied.

McKinstry, J., and McKee, J., concurred.

Hearing in Bank denied.