[No. 20873.  In Bank. — August 22, 1891.]

EX PARTE T. J. CLANCY, ON HABEAS CORPUS.

INSOLVENCY — CONTEMPT — REFUSAL OF INSOLVENT TO DELIVER ASSETS — APPEAL — UNDERTAKING — STAY OF EXECUTIONS. — An appeal by an insolvent from an order adjudging him guilty of contempt for not complying with an order directing him to turn over certain assets to a receiver, and committing him to the custody of the sheriff until he should comply with said order, is, in effect, an appeal from an order directing the delivery of personal property, within the meaning of section 943 of the Code of Civil Procedure; and an ordinary undertaking on appeal for three hundred dollars, conditioned for the payment of all damages and costs which may be awarded against the appellant, will not stay the execution of the judgment or order appealed from, and will not authorize his release from imprisonment.

ID. — APPEAL IN CASES OF CONTEMPT — CONFLICT OF INSOLVENT ACT WITH CODE — CONSTITUTIONAL LAW — UNIFORMITY OF OPERATION. — The clause of section 64 of the Insolvent Act which provides that "an appeal shall be allowed to the supreme court from any order adjudging any person guilty of contempt" is in conflict with section 1222 of the Code of Civil Procedure, declaring that "the judgment or orders of the court or judge made in cases of contempt are final and conclusive," and the latter must prevail, in order to prevent a violation of the provisions of section 11 of article 1 of the constitution, requiring that laws of a general nature shall have a uniform operation.

APPLICATION to the Supreme Court for a discharge from imprisonment upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*A. D. Splivalo*, and *E. N. Duprey*, for Petitioner.

*Rothchild & Ach*, contra.

SHARPSTEIN, J.— The petitioner alleges that he is imprisoned by the sheriff of San Francisco, and that such imprisonment is illegal, for the following reasons: —

On the second day of July, 1891, petitioner, upon the petition of certain of his creditors, was adjudged by the superior court of the city and county of San Francisco an insolvent debtor, and ordered to file, and did file, his schedules in said matter of insolvency. On the sixteenth day of July, 1891, petitioner, in compliance with

an order of said court, appeared therein, and was examined concerning his property and estate, and thereupon said court ordered petitioner to turn over or pay to the receiver in said insolvency proceeding four thousand dollars in assets; to wit, goods, wares, and merchandise, or its avails.

Petitioner did not comply with that order, and was by the court adjudged guilty of a contempt of court for not complying therewith, and committed to the custody of the sheriff, there to remain until he, petitioner, should comply with said order. Petitioner, on the twenty-fifth day of July, 1891, duly served and filed a notice of appeal to this court from said order adjudging him guilty of contempt, and within five days thereafter filed an undertaking on appeal, with sufficient sureties, to the effect that appellant would pay all damages and costs that might be awarded against him on the appeal, or on the dismissal thereof, not exceeding three hundred dollars. No other undertaking has been filed, and the sheriff refuses to release petitioner from imprisonment.

The contention of counsel for petitioner is, that the appeal from the order adjudging him guilty of a contempt stayed all further proceedings upon said order pending such appeal.

Section 64 of the Insolvent Act of 1880 provides that "all sections of the Code of Civil Procedure of the state of California relating to contempts are hereby made applicable to all proceedings under this act. An appeal shall be allowed to the supreme court from any order adjudging any person guilty of a contempt of court." The Code of Civil Procedure makes no provision for an appeal from an order or judgment adjudging any person guilty of a contempt, but does provide that "the judgment and orders of a court or judge made in cases of contempt are final and conclusive." (Code Civ. Proc., sec. 1222.)

Conceding, however, that an appeal does lie from an

order or judgment in a case of contempt arising under the Insolvent Act, we must determine whether the undertaking on appeal in this case was sufficient to stay the execution of the judgment or order appealed from. If it be a case not provided for in sections 942, 943, 944, or 945 of the Code of Civil Procedure, the undertaking filed is sufficient to stay execution of the judgment or order appealed from. But we think it is a case provided for by section 943. As we construe it, the judgment or order appealed from does direct the delivery of personal property by the petitioner to the receiver, and that the execution of such "judgment or order cannot be stayed unless the things required to be delivered be placed in the custody of the officer or receiver appointed by the court, or an undertaking be entered into on the part of the appellant, with at least two sureties, and in such amount as the court or a judge thereof may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal." We think the undertaking filed in this case was insufficient to stay the execution of the judgment or order appealed from, and therefore the petitioner must be remanded to the custody of the sheriff of the city and county of San Francisco.

Petitioner remanded.

McFARLAND, J., concurred.

HARRISON, J., concurring.— I concur in the judgment.

The petitioner, by not questioning, concedes that the order of the superior court directing him to "turn over or pay to the receiver, at its cost, four thousand dollars in assets, goods, wares, or merchandise, or its avails," found by the court to have been in his possession or under his control at the date of his adjudication in insolvency, was an order which the court had jurisdiction to make; and that it was made after a hearing, upon due

notice to him thereof, and on an application therefor. His only attack upon this order is, that the finding of the court was not in accordance with the evidence. This, however, was but error, and no appeal having been taken from the order, it is conclusive upon the petitioner. Being a lawful order of the court, the disobedience thereof by the petitioner was a contempt of the authority of the court (Code Civ. Proc., sec. 1209, subd. 5); and the court having, under proper proceedings therefor, determined that he was guilty of the contempt charged, was authorized, under section 1219, to direct him to be imprisoned until he complied with the order. This judgment and order of the court was, by section 1222, "final and conclusive," and from it no appeal is permitted. (*Tyler* v. *Connolly*, 65 Cal. 28; *Ex parte Vance*, 88 Cal. 262.)

By the constitution the superior court is vested with original jurisdiction of proceedings in insolvency; but in all matters pertaining to procedure in the exercise of such jurisdiction, the court is governed by statutory provisions. The court does not, however, in the exercise of this jurisdiction, become merely a special tribunal for carrying into effect the provisions of the statute, but the proceedings authorized by the statute are taken in it as the superior court, and when acting thereon it has the functions and powers of the superior court in all matters pertaining to its actions *as a court*. As such court, it has the power to determine and punish all contempts of its authority, even without the provisions found in the Insolvent Act giving it such authority.

"Contempt" is not only made a special title in the Code of Civil Procedure, wherein specific instances thereof are enumerated, and the mode and limit of punishment therefor are defined (secs. 1209–1222), but the right of protecting itself against contempts of its authority, and enforcing punishment therefor, is essentially inherent in every court of general jurisdiction; and any

definition of acts constituting contempt, or limitation upon the mode or extent of punishment therefor, has its appropriate place in a statute relating to the jurisdiction and procedure of the court.

The Insolvent Act is a special statute adopted for a particular object; its title is "An act for the relief of insolvent debtors, for the protection of creditors, and for the punishment of fraudulent debtors." It does not purport to prescribe the jurisdiction or limit the power of the superior court, but is merely a system of procedure in that court for accomplishing the objects specified in the title of the act. The incorporation in section 64 of this act of certain provisions concerning the power of the superior court relating to contempts cannot be construed as any limitation upon the power conferred by the Code of Civil Procedure, or as being a grant of such power to the court for the purpose of exercising its authority under that act. If there be any conflict between the two, the provisions of the Code of Civil Procedure, which professes to define the powers of courts and the effect of their judgments for contempt, must prevail over the provisions of the Insolvent Act, and the provisions of that act must be limited to the purposes defined in its title.

The contempt consists in the disobedience of a lawful order of the court. It is the dignity of the court, or the majesty of the state as represented by the court, against which the offense is committed. The character of the offense is the same, whether it be committed by disobeying an order made in proceedings in insolvency, or one made in probate, or in any civil action. Any law for the punishment of this offense is necessarily of a general nature, and must have a uniform operation. It was not competent for the legislature to provide a different procedure for contempts of the superior court committed while in the exercise of its jurisdiction in proceedings for insolvency from that which is provided

for those committed while it is exercising its jurisdiction in any other matter.

The clause of section 64 of the Insolvent Act which provides "an appeal shall be allowed to the supreme court from any order adjudging any person guilty of contempt" is in conflict with the provisions of section 1222 of the Code of Civil Procedure, which declares: "The judgment and orders of the court or judge made in cases of contempt are final and conclusive." To give effect to this provision of the Insolvent Act is to permit an appeal from judgments of contempt in one class of cases which, under the general law applicable to contempts, is denied to all other judgments for the same offense. Such construction would except cases arising in insolvency from the uniform operation of this general law, and thereby destroy its uniformity, and violate the provisions of section 11, article 1, of the constitution. (*French* v. *Teschemaker*, 24 Cal. 544; *Omnibus R. R. Co.* v. *Baldwin*, 57 Cal. 160; *Miller* v. *Kister*, 68 Cal. 142; *People* v. *Henshaw*, 76 Cal. 445.)

De Haven, J., concurred in the views expressed in the foregoing opinion of Mr. Justice Harrison.

Beatty, C. J. — I concur in the judgment on both grounds, — that stated by Justice Sharpstein and that stated by Justice Harrison; both grounds being, in my opinion, correct, and either a sufficient reason for denying the writ.