[Nos. 13858, 13910. Department Two. — February 5, 1892.]

O. B. POWERS ET AL., APPELLANTS, v. ELLEN H. CHABOT, EXECUTRIX, ETC., ET AL., RESPONDENTS. JAMES A. JOHNSON ET AL., RESPONDENTS, v. O. B. POWERS, APPELLANT, E. H. PARDEE ET AL., RESPONDENTS.

BOND TO STAY EXECUTION — APPEAL — FORECLOSURE OF CHATTEL MORTGAGE — VOID BOND FOR DEFICIENCY. — No bond being required to stay execution in addition to the usual bond for costs on appeal from a judgment foreclosing a chattel mortgage, a bond given upon such appeal, to secure a judgment for deficiency, is not a statutory bond, and is without consideration and void.

ID. — BOND NOT STATUTORY — MOTION FOR JUDGMENT AGAINST SURETIES. — A motion for a judgment against the sureties on a bond given to stay execution pending an appeal is authorized only on statutory undertakings, and when the bond has no validity as a statutory bond, the motion should be denied, even if the bond could be shown to be supported by a consideration, and to be good as a common-law bond.

ID. — COMMON-LAW BOND — CONSIDERATION — FORBEARING — SALE OF PERISHABLE PROPERTY. — The fact that the respondent was induced to forbear having a sale of the mortgaged property as perishable, by reason of a stay bond for deficiency given upon appeal from a judgment foreclosing a chattel mortgage, does not constitute any consideration for the bond. The bond, not having been given in pursuance of any agreement between the parties, but simply to secure a statutory privilege which was not gained by it, was wholly without consideration, and could not be valid as a common-law undertaking.

APPEALS from two judgments of the Superior Court of the city and county of San Francisco, and from an order of the Superior Court of Alameda County denying a motion for judgment against sureties on an undertaking on appeal.

The facts are stated in the opinion.

*O'Brien, Morrison & Daingerfield, W. R. Daingerfield,* and *Edward Lynch,* for Appellants.

*Moore & Reed, Metcalf & Metcalf,* and *John Yule,* for Respondents.

TEMPLE, C. — These two appeals have been considered together. The last-named is a proceeding in a case brought to restrain defendant Powers from transferring a certain promissory note. Powers answered, and, by a cross-complaint, sought to foreclose a chattel mortgage. A decree of foreclosure was entered, and plaintiffs appealed, giving two bonds, one for three hundred dollars, and a stay bond in double the amount of the judgment, with Pardee and Chabot as sureties.

The judgment having been affirmed, upon return of the *remittitur,* a sale was had of the mortgaged property, from which only a part of the debt was realized. Motion was then made for judgment against the sureties on the stay bond for the deficiency. Judge Crane refused to entertain the motion, and application was made by Powers to this court for a mandate, which was refused on the ground that no stay bond was required in such cases. It was therefore held that the stay bond was without consideration and void. (*Powers v. Crane,* 67 Cal. 65.)

Chabot having died, a claim was presented against his estate for the deficiency, and was rejected March 30, 1888.

June 4, 1889, Powers commenced the proceeding in the original suit to obtain a judgment against the sureties on the stay bond for the deficiency. This was denied October 9, 1889, and from the order denying this motion one of these appeals is taken.

This proceeding is authorized only on statutory undertakings; and inasmuch as the bond in question here had no validity as a statutory bond, this motion was properly denied, and the order should be affirmed.

Appellant claims that he might have had the mortgaged property sold as perishable, notwithstanding the appeal, and that he forbore to do this because of the

stay bond on appeal, which he supposed afforded him ample security for his debt. He claims that this fact constitutes a consideration for the undertaking, and as this fact was not before the court in *Powers* v. *Crane*, 67 Cal. 65, that case is not authority for the conclusion that the bond is absolutely void. But if appellants were right in this contention, it would simply go to the effect that the undertaking is valid as a common-law obligation. The case is still conclusive authority for the proposition that the bond was void as a statutory bond; that it was not a stay bond on appeal, and therefore judgment without suit could not be entered against the sureties in the original action.

While the last-mentioned motion was pending, to wit, June 30, 1888, an action was commenced by Powers and Bromley and Lynch, the last two being assignees of Powers, against Pardee and the representatives of Chabot, upon the undertaking.

The complaint was demurred to, and several times amended. Judgment upon demurrer was entered in favor of Pardee, March 25, 1889, and in favor of the representatives of Chabot, June 14, 1889. From these judgments appeals are taken.

One of the questions presented on the demurrer evidently was, whether the representatives of the deceased, Chabot, could be joined with the living surety. In the last-amended complaint, however, this misjoinder—if it were one — was avoided, as it was against the representatives of Chabot only. The demurrer must have been sustained on the ground that the undertaking sued upon was void, notwithstanding the alleged consideration that Powers was induced thereby to forbear having a sale of the property as perishable, and in consequence lost some portion of the money due him. Whether this ruling was correct is the question involved in the appeal from that judgment, and if sustained will dispose of both appeals.

We have the decision that on such appeal the stay bond serves no purpose under the statute. It was given,

however, solely under the mistaken idea that it was necessary to secure to the appellants in that case a stay during the appeal. It was not given to prevent a sale of perishable property, nor would a stay bond, if one had been required, have had that effect. This is stated by appellants in their briefs. They ask us to "realize vividly that nothing on earth can stay a sale pending an appeal when the judgment requires perishable property to be sold," — that is, nothing except the acquiescence of the respondent. Realizing this, we do not see how the fact that Powers forbore to procure a sale can constitute a consideration. The bond was not given to accomplish anything save what might have been accomplished by a stay bond. No such bond could in any case have had such effect. How could the sureties understand that they might be held liable for damages arising from the fact that Powers refrained from exercising a right that no stay bond whatever would ever have deprived him of?

We do not think, however, that it is necessary to pursue this matter. The undertaking was not given in pursuance of any agreement between the parties, but simply to secure a statutory privilege. It did not have that effect, and was therefore wholly without consideration and void, and could not be valid as a common-law undertaking.

The cases cited by appellant as upholding his position illustrate this. *Hathaway* v. *Davis*, 33 Cal. 161, was upon a bond strictly in accordance with the statute in form, but it was claimed that the appeal, to secure which it was given, was taken too late, and therefore this court had no jurisdiction to affirm the judgment. The undertaking then, it was claimed, was void.

But the court said the question was not open. The undertaking had secured the privilege of an appeal, which was the consideration mentioned in the undertaking. This court had assumed jurisdiction in consequence of it, and the appellant and his sureties could not now question such jurisdiction. That differs from

this in the fact that the privilege sought was in fact secured by the undertaking.

Similar to that is the case of *Gardner* v. *Donnelly,* 86 Cal. 367, which was an undertaking for the release of property attached. It was contended that the undertaking contained provisions not at all like those required by certain sections of the code. This court held the undertaking good under another section, but said the issue was immaterial. The undertaking was given to secure a release of the property, and did secure such release; it was therefore good as a common-law obligation. The case here is widely different. The parties on whose behalf the undertaking was given gained nothing by it, and conceding that Powers lost because he mistook the law and relied upon it, such loss was incidental and was only occasioned, and not caused, by the undertaking as its direct legal effect, nor was it the purpose of the undertaking to prevent such sale.

We think the judgments should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgments and orders in the above-entitled causes are affirmed.