ESTATE OF JAMES McGINN, DECEASED.

[No. 7,054; decided December 1, 1893.]

**Revocation of Probate—Appeal and Undertaking Thereon.**—A decree revoking the probate of a will and awarding costs to the contestants is not "a judgment or order directing the payment of money," and on appeal therefrom no undertaking in double the amount of the costs is required to stay execution of the judgment.

**Undertaking on Appeal.**—An Undertaking in Double the Amount of Costs, taxed in a case where no undertaking is required to stay execution, is without validity either as a statutory or common-law bond, and cannot be enforced against the sureties.

James L. Crittenden, for the motion, on behalf of the successful contestants.

Reddy, Campbell & Metson, opposed.

COFFEY, J. The appeal was from the judgment and decree revoking probate of will and from an order denying defendant's motion for a new trial.

An undertaking on appeal in the sum of $300 was given in this case. An additional undertaking was also given in double the amount of the costs taxed in the case.

The appeal is not from a judgment or order directing the payment of money. The character of the appeal is already given. The fact that costs were allowed does not characterize the judgment. The court might have, in the same judgment, ordered costs to be paid out of the estate. Costs are an incident to nearly every judgment; but the fact that costs are allowed does not bring the appeal within section 942 of the Code of Civil Procedure.

The appeal is not a case provided for in sections 942, 943, 944 or 945.

"In cases not provided for in sections 942, 943, 944 and 945, the perfecting of an appeal by giving the undertaking mentioned in section 941 stays proceedings in the court below upon the judgment or order appealed from": In re Schedel, 69 Cal. 242, 243, 10 Pac. 334.

" 'Sections 942 to 945, inclusive, apply to appellants who are required to perform the directions of the judgment or order appealed from. This is manifest from their language. But the appellant in the present case is not required to do anything. It feels aggrieved by the decree, however, and has the right to appeal. The case is one not provided for in sections 942, 943, 944 and 945, and, consequently, by the terms of section 949, the perfecting of the appeal, by giving the undertaking mentioned in section 941, stays proceedings in the court below upon the judgment appealed from.' . . . . The general rule, as declared in section 949, is that the $300 undertaking mentioned in section 941 'stays proceedings in the court below upon the judgment or order appealed from.' The exceptions are contained in sections 942-945, inclusive;

and those sections apply to cases where the appellant has money or other property in his possession which has been adjudged by the lower court to belong to the respondent, or where the appellant has been directed to do some act for the benefit of respondent, and where it would be unjust to allow the appellant to retain the possession of the property, and perhaps dissipate it or put it out of his power to·perform the act required, without securing respondent by a bond": Pennie v. Superior Court, 89 Cal. 33, 34, 26 Pac. 617; Ex parte Clancy, 90 Cal. 553, 27 Pac. 411.

"Upon an appeal from an order appointing an administrator, an undertaking on appeal in the sum of $300, as provided for in section 941 of the Code of Civil Procedure, stays all proceedings upon the order appealed from, and prevents the doing of any act by the appointee as administrator of the estate during the pendency of the appeal": In re Woods, 94 Cal. 566, 29 Pac. 1108.

"The statutory undertaking of $300 given on an appeal from a judgment for the foreclosure of a chattel mortgage operates as a stay of execution, and, if a further undertaking be given to stay execution, it cannot be enforced against the sureties therein for want of consideration": Powers v. Crane, 67 Cal. 65, 7 Pac. 135.

"It is settled that a statutory undertaking beyond what is required by the statute is to that extent without consideration and inoperative": Lambert v. Haskell, 80 Cal. 620, 22 Pac. 327, citing Powers v. Crane, supra.

"No bond being required to stay execution in addition to the usual bond for costs on appeal from a judgment foreclosing a chattel mortgage, a bond given upon such appeal, to secure a judgment for deficiency, is not a statutory bond, and is without consideration and void": Powers v. Chabot, 93 Cal. 266, 28 Pac. 1070.

"A motion for a judgment against the sureties on a bond given to stay execution pending an appeal is authorized only on statutory undertakings, and when the bond has no validity as a statutory bond the motion should be denied, even if the bond could be shown to be supported by a consideration, and to be good as a common-law bond": Id.

"The fact that the respondent was induced to forbear having a sale of the mortgaged property as perishable, by reason of a stay bond for deficiency given upon appeal from a judgment foreclosing a chattel mortgage, does not constitute any consideration for the bond. The bond, not having been given in pursuance of any agreement between the parties, but simply to secure a statutory privilege which was not gained by it, was wholly without consideration, and could not be valid as a common-law undertaking": Id.

Motion denied.

The Principal Case was Affirmed in Clements v. McGinn (Cal.), 33 Pac. 920.