NATOMA WATER & MIN. CO. v. HANCOCK et al.

No. 14,624; March 13, 1894.

36 Pac. 100.

Contempt.—No Appeal Lies from an Order Adjudging one guilty of contempt for violating a restraining order.

APPEAL from Superior Court, Sacramento County; John W. Armstrong, Judge.

Action by the Natoma Water and Mining Company against John Hancock and Joseph Wild. An order was granted restraining defendants from doing certain things pending the

litigation. From an order adjudging defendant Wild guilty of contempt for violating this order, he appeals. Appeal dismissed.

S. Solon Holl for appellant; Daniel Titus for respondent.

HAYNES, C.—This is an appeal from an order adjudging the defendant Joseph Wild guilty of a contempt of court, and imposing a fine of $250 therefor. Upon the complaint filed by the plaintiff at the commencement of the above-entitled action an order was granted requiring the defendants to show cause, at a day named, why they should not be enjoined pending the litigation, or until the further order of the court, from doing certain things in the order mentioned; "and that, in the meantime, and until this order to show cause be heard and determined, the defendants be restrained," etc. It was for an alleged violation of this restraining order that appellant was adjudged guilty of contempt. A bill of exceptions was taken, and several errors of law and specifications wherein the evidence is insufficient to justify the decision appear therein. But these alleged errors cannot be examined, as the order is not appealable: See Code Civ. Proc., sec. 1222; Tyler v. Connolly, 65 Cal. 28, 2 Pac. 414; Sanchez v. Neuman, 70 Cal. 210, 11 Pac. 645; In re Vance, 88 Cal. 262, 26 Pac. 101; Ex parte Clancy, 90 Cal. 556, 27 Pac. 411. If the restraining order was invalid and without force for the want of an undertaking (a point not necessary to consider here), defendants had a remedy by motion to vacate it, or by appeal from an order refusing to vacate it. The court below had jurisdiction to determine that question in this proceeding, but, as an appeal from that order does not lie, this court has no jurisdiction to correct any errors of law or fact it may have committed. The appeal should be dismissed.

We concur: Temple, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal herein is dismissed.