[S. F. No. 960.   In Bank.—March 1, 1900.]

A. KRAUSE, Respondent, v. A. K. DURBROW, Appellant.

<div style="float:right">127   681<br>s144  514</div>

CORPORATIONS — ELECTION FOR DIRECTORS — QUALIFICATION OF VOTERS — REGISTRATION OF STOCK.—The election of directors of all corporations having a capital stock, including mining corporations, is regulated by sections 307 and 312 of the Civil Code; and no person is qualified to vote at such an election unless he is a *bona fide* stockholder, having stock registered in his name on the stock-books of the corporation at least ten days prior to the election.

ID.—ACT CONCERNING MINING CORPORATIONS—QUALIFICATION OF HOLDERS OF UNREGISTERED CERTIFICATE — CONSTITUTIONAL LAW — SPECIAL LEGISLATION.—There is no natural or inherent distinction between mining and other corporations for profit, or any peculiarity of the former, which will authorize special legislation for the mode of conducting the election of their directors; and section 3 of the act of 1880 for the further protection of stockholders in mining corporations, which authorizes the holders of indorsed certificates of stock therein to vote at the election of directors thereof, though the stock is not registered in their names upon the books of the corporation for a period of ten days, as required by section 312 of the Civil Code, is special legislation, in violation of section 25 of article XI of the constitution, the case being one in which a general law can be made applicable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

Deal, Tauszky & Wells, for Appellant.

Only *bona fide* stockholders having stock registered in their own names on the books of the corporation ten days prior to the election were entitled to vote in person or by proxy.   (Civ. Code, secs. 307, 312; *Smith v. San Francisco etc. R. R. Co.*, 115 Cal. 584; 56 Am. St. Rep. 119; *People ex rel. Probert v. Robinson*, 64 Cal. 373; *Market Street Ry. Co. v. Hellman*, 109 Cal. 571, 589, 592.)   Section 3 of the act of 1880, for the protection of stockholders in mining companies, is special legislation and unconstitutional.   The distinction between mining and other corporations as to the election of directors is arbitrary and without

intrinsic reason. (*Pasadena v. Stimson*, 91 Cal. 238; *Bruch v. Colombet*, 104 Cal. 347-51; *Darcy v. Mayor of San Jose*, 104 Cal. 642, 645, 646; *Bloss v. Lewis*, 109 Cal. 493-97; *People v. Central Pac. R. R. Co.*, 105 Cal. 576, 584; *Ex parte Jentzsch*, 112 Cal. 468.)

W. T. Baggett, for Respondent.

The act of 1880 for the protection of the stockholders in mining companies is valid and constitutional. (*McDonald v. Conniff*, 99 Cal. 386, 391; *Miles v. Woodward*, 115 Cal. 308.) Laws may be restricted to a particular class of individuals or of corporations. (*Abeel v. Clark*, 84 Cal. 226; *Ex parte Lichtenstein*, 67 Cal. 359; 56 Am. Rep. 713; *Primghar State Bank v. Rerick*, 96 Iowa, 238.) The act of 1880 is not objectionable on any ground.

HARRISON, J.—The Gould & Curry Silver Mining Company is a corporation organized under the laws of this state, having seven directors, and with a capital stock divided into 108,000 shares. At the annual meeting in 1896 for the election of directors for the year then ensuing there were present in person, or by proxy, stockholders representing in the aggregate 98,338 shares of the capital stock. At this election Krause, the plaintiff herein, presented certificates of stock representing in the aggregate 12,830 shares, which had been issued to persons other than himself, and were indorsed in blank by these persons, and offered to vote the shares represented by these certificates, and declared that he voted 12,730 of said shares cumulated seven times, thus aggregating 89,110 votes for himself as director, and 100 of said shares cumulated seven times and aggregating 700 votes for G. C. Snider as director. The persons in whose names these certificates of shares had been issued appeared upon the books of the corporation as stockholders therein, and proxies in writing for 11,980 of said shares had been executed to Durbrow, the defendant herein, and one Zadig. Zadig and Durbrow claimed the right, and offered by virtue of the proxies thus given them, to vote these 11,980 shares, and objected to Krause's offer to vote them, upon the ground that the certificates had not been issued in his name, and that he did not appear upon the books of the corporation as the owner of the

shares represented by the certificates, and that the persons appearing as stockholders on the books of the company were the only ones who had the right to vote said shares in person or by proxy. The chairman sustained this objection and refused to receive the vote of Krause, and permitted Zadig and Durbrow to vote the 11,980 shares. By reason of this ruling Durbrow was declared elected as one of the directors. If the votes which Krause offered to cast had been counted as he desired to vote them, he would have received votes sufficient to elect him a director in the place of Durbrow. Durbrow entered upon his duties as director, and the board of directors refused to recognize the right of Krause in the premises. An agreed statement embodying these facts was submitted to the superior court for its determination as to the right of the respective parties to the office of director. Judgment was rendered by that court that the plaintiff had been elected a director in the corporation, and was entitled to enter said office, and that the defendant surrender the office and permit the plaintiff to discharge the duties of director. From this judgment the defendant has appealed.

Section 307 of the Civil Code provides: "All elections must be by ballot, and every stockholder shall have the right to vote in person or by proxy the number of shares standing in his name, as provided in section 312 of this code, for as many persons as there are directors to be elected, or to cumulate said shares and give one candidate as many votes as the number of directors, multiplied by the number of his shares of stock, shall equal, or to distribute them on the same principle among as many candidates as he shall think fit."

Section 312 of the Civil Code, referred to therein, provides: "At all elections or votes had for any purpose there must be a majority of the subscribed capital stock or of the members represented, either in person or by proxy in writing. Every person acting therein, in person or by proxy or representative, must be a member thereof or a *bona fide* stockholder, having stock in his name on the stock-books of the corporation at least ten days prior to the election."

Under these provisions, it must be conceded that the only persons entitled to vote at an election for directors are those whose names are registered as stockholders on the books of the corpo-

ration. In 1880, however, the legislature passed an act (Stats. 1880, p. 131) entitled: "An act for the further protection of stockholders in mining companies," providing, in the first section, that the directors of any mining corporation shall not dispose of or encumber the mining ground belonging to it, or acquire additional mining ground, without ratification thereof by the holders of at least two-thirds of its capital stock.

Section 3 of this act is as follows: "It shall not be lawful for any such corporation, or the secretary thereof, to close the books of said corporation more than two days prior to the day of any election. At such election the stock of said corporation shall be voted by the bona fide owners thereof, as shown by the books of said corporation, unless the certificate of stock, duly indorsed, be produced at such election, in which case said certificate shall be deemed the highest evidence of ownership, and the holder thereof shall be entitled to vote the same." The superior court held that under the provisions of this section Krause was entitled to cast the votes offered by him. The appellant contends that this section of the statutes is unconstitutional for the reason that it is in violation of the thirty-third subdivision of section 25, article IV, of the constitution which provides as follows: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . . 33. In all other cases where a general law can be made applicable."

This provision of the constitution has been construed many times by this court in its application to different acts of the legislature, and although no rule has been formulated, or indeed can be formulated, which will be applicable to every case, the court in its opinions has stated certain conditions which must exist in order to give authority to the legislature to exempt classes of individuals from the operation of a general law. The rule for determining whether a statute is in violation of this provision of the constitution is aptly expressed in *Pasadena v. Stimson*, 91 Cal. 238, where it is stated that a law is not general or constitutional "if it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law." In *Bruch v. Colombel*, 104 Cal.

347, it was said: "The legislature may classify for the purpose of legislation where there is some intrinsic reason why the law should operate upon some and not on others, or should affect some differently from its effect upon others"; and in *Darcy v. Mayor*, 104 Cal. 642, it was said: "This classification, however, must be founded upon differences which are either defined by the constitution or natural, and which will suggest a reason which might rationally be held to justify the diversity in the legislation. It must not be arbitrary, for the mere purpose of classification, that legislation really local or special may seem to be general but for the purpose of meeting different conditions naturally requiring different legislation." In *People v. Central Pac. R. R. Co.*, 105 Cal. 584, it was said: "The class, however, must not only be germane to the purpose of the law, but must also be characterized by some substantial qualities or attributes which render such legislation necessary or appropriate for the individual members of the class. It may be founded upon some natural or intrinsic or constitutional distinction, but the distinction must be of such a nature as to reasonably indicate the necessity or propriety of legislation restricted to that class." In *Pasadena v. Stimson, supra,* it was held that a provision in a law prescribing for certain classes of municipal corporations a mode of exercising the right of eminent domain different from that provided by the general law on that subject was in violation of this provision of the constitution. In *Cullen v. Glendora Water Co.*, 113 Cal. 503, an act providing a special procedure for seeking a new trial in proceedings for the confirmation of irrigation districts, different from that prescribed in the Code of Civil Procedure, was held to be a special law in a matter to which existing laws were appropriately applicable. In *Ex parte Clancy*, 90 Cal. 553, it was held that the provision in the Insolvent Act allowing an appeal to a person adjudged guilty of contempt could not be upheld in view of the general law making orders in contempt final.

In view of these decisions it must be held that the above provision of the act of 1880 is unconstitutional. There is no natural or inherent distinction between mining and other corporations for profit which will authorize special legislation for the mode of conducting the election of their directors, nor are min-

ing corporations distinguished by any peculiarities which demand for them special legislation upon this subject. For this purpose all of these corporations stand in the same relation to the subject of the law, and the attempt to create a different law in this respect for a mining corporation from that prescribed for other corporations is an abitrary selection of a specific class in a case where no natural or intrinsic difference exists. They are not classified for any purpose in the constitution, nor is there any reference to them in that instrument from which an authority for such legislation might be inferred. There may be matters connected with conducting the business of mining corporations which will justify special legislation in reference thereto; but no reason is perceived or has been suggested why they should be excepted from the general law in reference to conducting their annual election for directors.

The judgment is reversed.

Temple, J., Van Dyke, J., Henshaw, J., Garoutte, J., and Beatty, C. J., concurred.