[Crim. No. 891. Department One.—February 26, 1903.]

## THE PEOPLE, Respondent, v. A. J. MATUSZEWSKI, Appellant.

CRIMINAL LAW — PETIT LARCENY — PRIOR CONVICTION — PLEADING — WAIVER OF OBJECTION.—Upon an accusation for petit larceny, a charge of a prior conviction of the same offense will be deemed sufficient, in the absence of a demurrer thereto, where the jurisdiction of the court cannot be questioned, and the objection goes rather to the manner of charging the prior conviction, and the information is clear and definite as to the date of the prior convic-

tion and the court in which it was held. Objections to the charge must be deemed waived by failure to demur thereto.

Id.—Order Refusing to Arrest Judgment—Appeal.—An order denying a motion in arrest of judgment is not appealable, and an appeal attempted therefrom will be disregarded.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial and refusing to arrest judgment. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Frank J. Murphy, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged with the crime of petit larceny and a prior conviction of another petit larceny. He confessed the prior conviction, and a jury found him guilty of the larceny charged. He appeals from a judgment sentencing him to three years in the state prison and from an order denying him a new trial. The only point made by him is to the effect that the "former conviction" was not properly charged in the information. That part of the information reads as follows: "The said A. J. Matuszewski is accused by the district attorney of and for the county of Los Angeles, state of California, by this information, of the crime of petit larceny, after a prior conviction of petit larceny, committed as follows: That on the sixth day of October, 1899, by a judgment of the police court of Los Angeles City, county of Los Angeles, state of California, the said A. J. Matuszewski, therein charged as John Doe Matezuski, was duly convicted of the crime of petit larceny, committed as follows: That the said A. J. Matuszewski, at and in the city of Los Angeles, county of Los Angeles, state aforesaid, did willfully, unlawfully, and feloniously take, steal, and carry away one set of single harness, with bridle, having leather-covered bit and open blinds, the personal property of C. A. Bright, and of the value of fifteen dollars, the lawful money of the United States." The information then goes on in due form to charge the commission of a second petit larceny by defendant on the seventeenth day of July,

1901, and no objection is urged to this latter part of the information.

The record discloses that the defendant demurred to the information on the following grounds only: ''That the facts stated do not constitute a public offense; that said information contains matter which, if true, would constitute a legal bar to the prosecution. Section 801 of the Penal Code is a legal bar to this prosecution and to the offense charged in said information.'' The prior conviction was more explicitly charged than was required by section 969 of the Penal Code, relating to the manner of charging a prior conviction as it existed prior to its repeal in 1880, since which time there has been no provision of law expressing definitely the manner of charging such a conviction. The repealed section was included in the attempted revision of the Penal Code in 1901, and the pleader was attempting to conform to its requirements. But even in the absence of any such provision, we think that the information was sufficient, especially in the absence of any objection by demurrer. (*People* v. *Boyle,* 64 Cal. 155.) It cannot be claimed that the superior court did not have jurisdiction of the offense of petit larceny where a prior conviction of petit larceny is charged. It was here attempted to charge such a prior conviction, and the objection made goes to the manner of charging it rather than to the jurisdiction of the superior court. The information is clear and definite as to the date of prior conviction and the court in which the same was had. Section 960 of the Penal Code provides that no indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits. The defendant undoubtedly fully understood the charge, for he confessed it without demurring to it. Section 1005 of the Penal Code provides that a demurrer ''must distinctly specify the grounds of objection to the indictment or information, or it must be disregarded.'' Section 1012 provides: ''When the objections mentioned in section 1004 appear on the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or

that the facts stated do not constitute a public offense, may be taken at the trial under the plea of not guilty, or after the trial, in arrest of judgment.''

The evident purpose of the foregoing sections is to compel the defendant to raise all questions going to the mere form of the information, and not to the jurisdiction or sufficiency of the facts, by demurrer to the information; and the penalty for not so raising such questions is, that they must thereafter be treated as having been waived. The defendant will not be permitted to lie by until he shall see the result of the trial of his case on its merits and then take advantage of some objection to the information that does not go to its substance and from which he could have been in no way misled or injured upon his trial. (*People* v. *Rodley,* 131 Cal. 240, and cases therein cited; Pen. Code, secs. 1258, 1404.)

The attempted appeals from the order denying the motion in arrest of judgment and from the verdict we disregard, because they are not authorized by law.

The judgment and order denying a new trial are affirmed.