[Civ. No. 1221. First Appellate District.—December 5, 1912.]

In the Matter of the Estate of MARIE ANTOINETTE BECKER, Deceased.

ESTATES OF DECEASED PERSONS—ORDER ADMITTING WILL TO PROBATE—DETERMINATION OF VALUE OF ESTATE MADE CONCLUSIVE—VOID AMENDMENT—SPECIAL LEGISLATION.—The amendment of 1907 to section 1349 of the Code of Civil Procedure providing that in the order admitting the will to probate, "the court must ascertain and determine whether said estate is worth more or less than ten thousand dollars, which determination is conclusive for the purpose of giving notice to creditors," is void as being special legislation prohibited by section 25 of article IV of the constitution, there being no similar provision applicable to intestate estates, and a class is thereby created which is not founded upon any natural, intrinsic, or constitutional distinction.

ID.—ORDER SETTING ASIDE FIRST ORDER MADE—PROPER ORDER UPON SHOWING OF CREDITORS—CERTIORARI.—Where the first order of publication was for four months only, upon a valuation suitable thereto, and the court upon a subsequent showing by creditors that the estate was worth more than ten thousand dollars, vacated its first order, and ordered a publication for ten months, such latter action of the superior court being within its jurisdiction, will not be annulled upon *certiorari.*

APPLICATION for Writ of Certiorari to annul certain orders of the Superior Court of the city and county of San Francisco vacating a former order for publication of notice to creditors, and making a new order therefor. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

E. H. Rixford, for Petitioners.

20 Cal. App.—33

Gustave Gutsch, for Respondent.

HALL, J.—Although this matter is entitled in this court as above indicated it is really an original proceeding in *certiorari*, brought in this court by the executors of the last will of said decedent to procure the annulment of an order of the superior court of the city and county of San Francisco vacating and setting aside the notice to creditors given in the matter of said estate, together with the publication of said notice and the decree establishing the due publication thereof, and ordering the publication by said executors of a notice to the creditors of said deceased to present their claims within ten months from the first publication thereof.

Upon the filing of the petition for the writ of review in this court such writ, by order of this court, was issued directing the superior court and the Hon. J. V. Coffey, judge thereof, to certify to this court a transcript of the record and proceedings in the said matter. In reply to such writ the respondent presented to, and filed with this court, a demurrer to the petition as not stating facts sufficient to entitle petitioners to any relief, and also what respondent denominates an answer, which simply raises questions of law arising upon the face of the petition.

As the proceedings in the lower court, which culminated in the order attacked by petitioners, are quite fully set forth in the petition, it can be very conveniently determined upon the demurrer thereto whether or not the court acted in excess of its jurisdiction in making such order.

From the petition it appears that upon the admission of the will of deceased to probate, the court made an order, in accordance with section 1349 of the Code of Civil Procedure, as amended in 1907, [Stats. 1907, p. 312], ascertaining and determining that said estate was worth less than ten thousand dollars. Thereupon the executors gave the usual notice to creditors to present their claims within four months, and in due time, upon proof of publication thereof, the court made the usual order or decree, establishing the due publication of notice to creditors.

Subsequently and after the expiration of the four months, upon motion of certain persons claiming to be creditors of decedent, made upon the ground that the value of the estate

of decedent was in excess of ten thousand dollars, the court made the order now attacked. This order was made after notice to the executors of the motion therefor and upon a hearing upon such motion.

The contention of petitioners that the order of the court vacating and setting aside the notice to creditors and the decree establishing the due publication thereof, and ordering the publication of a new notice giving ten months to creditors to present their claims, is in excess of its jurisdiction, is predicated upon that part of section 1349 of the Code of Civil Procedure added by the amendments thereto of 1907.

The section as it was amended and as it now reads is as follows:

"If no objection is made as provided in section thirteen hundred and fifty-one, the court admitting a will to probate, after the same is proved and allowed, must issue letters thereon to the persons named therein as executors who are competent to discharge the trust, unless they or either of them have renounced their right to letters. In the order, the court must ascertain and determine whether said estate is worth more or less than ten thousand dollars, which determination is conclusive for the purpose of giving notice to creditors, but for no other purpose."

It is the last sentence of the section which was added by the amendment adopted in 1907.

The contention of respondent is that the added portion of the section is void and unconstitutional as not being a subject indicated by the title of the amendatory act (Const., art. IV, sec. 24); and also as being special legislation prohibited by both subdivisions 12 and 33 of section 25 of article IV of the constitution.

The title of the amendatory act is, "An act to amend section thirteen hundred and forty-nine, thirteen hundred and fifty, and thirteen hundred and fifty-one of the Code of Civil Procedure, and to add a new section thereto to be numbered thirteen hundred and fifty a, all relating to letters testamentary and of administration with the will annexed."

It is claimed by respondent that the portion of section 1349 added by the amendment does not relate to letters testamentary nor to letters of administration with the will annexed, but concerns only the matter of notice to creditors, and that

it is therefore a matter not embraced within the title of the amendatory act.

We do not think it necessary to determine this point, for in any event we think the portion of section 1349 of the Code of Civil Procedure relating to fixing the value of the estate, is special legislation such as is prohibited by section 25 of article IV of the constitution.

It was frankly conceded by petitioners at the oral argument, and very properly so, that the provision of section 1349 of the Code of Civil Procedure, relating to the fixing of the value of the estate for the purpose of giving notice to creditors, applies only to cases where the decedent died testate. It has no application to estates where the decedent leaves no will.

A different rule is thus established by which the rights of creditors of decedents leaving a will is governed from the rule governing the rights of creditors of persons dying intestate.

It is true that the creation of a class to be affected by any particular law does not necessarily make such law a special law prohibited by section 25 of article IV of the constitution. Such a law is a general law if it operates upon all of the class alike, and there exist some natural or intrinsic reason or some constitutional ground for the classification. *Rode* v. *Siebe*, 119 Cal. 518, [39 L. R. A. 342, 51 Pac. 869], and *Ruperich* v. *Baehr*, 142 Cal. 190, [75 Pac. 782], are cases illustrative of this principle.

On the other hand, a law that creates a class, to be affected by the law, not founded upon some natural, intrinsic, or constitutional distinction, is special and prohibited by the constitution of this state.

Of this type are the classes created by the laws declared invalid in *Pasadena* v. *Stimson*, 91 Cal. 238, [27 Pac. 604]; *Shaughnessy* v. *American Surety Co.*, 138 Cal. 543, [69 Pac. 250, 71 Pac. 701]; and *Krause* v. *Durbrow*, 127 Cal. 681, [60 Pac. 438].

In *Pasadena* v. *Stimson*, 91 Cal. 238, [27 Pac. 604], the law requiring cities of the fifth and sixth classes to make an effort to purchase from the owner before condemning under the law of eminent domain was held to be special and invalid for that reason.

*Shaughnessy* v. *American Surety Co.*, 138 Cal. 543, [69 Pac. 250, 71 Pac. 701], holds a law requiring one contracting for the erection of a building to give a bond to protect mechanics and materialmen, to be special, and invalid for that reason. This case overrules *Carpenter* v. *Furrey*, 128 Cal. 665, [61 Pac. 369], cited by petitioner, distinctly upon this ground.

In *Krause* v. *Durbrow*, 127 Cal. 681, [60 Pac. 438], it was held that a law making special requirements to entitle stockholders to vote for directors of *mining corporations* was special and invalid, as not founded upon any natural or intrinsic differences between mining and other corporations. This case discusses and reviews quite fully the California cases upon the subject.

The amendment to the section of the code relied upon by petitioners lays down a rule that affects the rights of creditors of persons who die testate only. As to such persons and in such estates only is the determination of the value of the estate, made by the court at the time of admitting the will to probate, conclusive for the purpose of giving notice to creditors. As to estates generally the value of the estate for the purpose of giving notice to creditors is not conclusively or at all established by the order granting letters of administration. The creditors of estates other than of persons dying testate are not conclusively bound by the determination of the value of the estate made under section 1349 of the Code of Civil Procedure.

We cannot conceive of any natural or intrinsic differences between creditors of persons dying testate and creditors of persons dying intestate, which will justify a different rule controlling their rights in the matter of presenting their claims.

For these reasons we think the amendment to section 1349 of the Code of Civil Procedure, making the determination of the value of the estate made by the court when granting letters testamentary, conclusive for the purpose of giving notice to creditors, is void, and the court had jurisdiction under section 1490 of the Code of Civil Procedure to make the order complained of.

The demurrer to the petition is sustained and the petition is dismissed.

Lennon, P. J., and Kerrigan, J., concurred.