[No. 9,418. In Bank.—February 5, 1884.]

GEORGE W. TYLER, PETITIONER, *v.* P. CONNOLLY, SHERIFF OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CONTEMPT—APPEAL—JURISDICTION.—No appeal lies to the Supreme Court from a judgment of an inferior court imposing a fine for a contempt, although the amount of the fine exceeds the sum of three hundred dollars.

ID.—APPEAL FROM JUDGMENT IN CRIMINAL CASES.—No appeal lies to the Supreme Court from a judgment in a criminal case, unless it is one prosecuted by indictment or informatio

PETITION for a writ of prohibition. The petitioner alleges that a judgment was rendered against him by the Superior Court of the city and county of San Francisco, adjudging him guilty of contempt, and that he pay a fine of five hundred dollars, and stand committed to the county jail until the fine be paid, in the proportion of one day for every two dollars thereof; that he thereafter prepared a bill of exceptions, which was

settled by the court, and served and filed a notice of appeal to the Supreme Court, and in due time gave a sufficient undertaking for costs and for stay of execution pending the appeal; that the respondent, sheriff of the city and county of San Francisco, threatened to take the petitioner into custody notwithstanding the perfection of the appeal upon a commitment issued upon the judgment.

*George W. Tyler, in pro. per.,* for Petitioner.

*J. D. Sullivan,* and *Chas. B. Darwin,* for Respondent.

THORNTON, J.—This is an application made to this court to prohibit the sheriff from proceeding to execute the judgment rendered against George W. Tyler in a proceeding against him for a contempt. The prohibition or stay is asked for on the ground that Tyler has taken an appeal from the judgment of contempt above mentioned, has perfected his appeal by giving the undertaking required by law, and that such undertaking operates as a stay; that, nevertheless, steps have been taken to execute the judgment.

If the judgment of contempt is appealable, the moving party is entitled to a stay.

#### COURT JURISDICTION.

The appellate jurisdiction of this court is conferred on it and is defined by the Constitution. It has such jurisdiction " in all cases in equity, except such as arise in Justices' Courts; also in all cases which involve the title or possession of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest, or the value of the property in controversy amounts to three hundred dollars; also in cases of forcible entry and detainer, and in proceedings in insolvency, and in actions to prevent or abate a nuisance, and in all such probate matters as may be provided by law; and also in all criminal cases prosecuted by indictment or information in a court of record on questions of law alone." (Const. art. vi. § 4.)

It is argued that because the judgment against Tyler exceeds three hundred dollars, that the appeal is given by the Constitution. But the Constitution does not give an appeal in all cases

where the judgment exceeds three hundred dollars; it gives it only when the demand, exclusive of interest, exceeds that sum. There was no demand for any sum in the proceeding against Tyler. The demand made appears in the pleadings—either in the complaint or answer. (*Dashiell* v. *Slingerland*, 60 Cal. 653.)

We know of no demand for a sum of money in a proceeding for a contempt. The law does not require or authorize such demand to be made. It would be most unusual to make it; and if made, it would be entirely unnecessary and without avail. The contention on the ground stated cannot, in our opinion, be maintained.

It has been held by this court that a proceeding for contempt is a criminal case. (*Ex parte Crittenden*, 62 Cal. 534.) But as it is not prosecuted by indictment or information, its character as a criminal case furnishes no ground for an appeal. The Constitution expressly limits appeals to criminal cases prosecuted in the mode above stated. We find no warrant in the Constitution for an appeal in a proceeding for contempt.

Conceding that the legislature may confer appellate jurisdiction on this court in cases not provided for in the Constitution, we have been referred to no statute giving the right to appeal from a judgment in a contempt case. On the contrary, in our judgment, such right is withheld by section 1222 of the Code of Civil Procedure. That section is as follows: "The judgment and orders of the court or judge made in cases of contempt are final and conclusive." In appeal of *S. O. Houghton*, 42 Cal. 35, these words, "final and conclusive," in a statute in regard to a judgment of the county court, were held to deny an appeal from such judgment.

It may be added here that it was conceded on the argument that an appeal was not given by statute.

The conclusion here reached is sustained by the reasoning in *Huerstal* v. *Muir*, 62 Cal. 479. In *People* v. *O'Neil*, 47 Cal. 109, we think the court mistook the law in holding that the judgment in that case (which was one for contempt) was appealable. No authority is referred to in the opinion to sustain such a rule, nor is any law, constitutional or statutory, granting a right of appeal referred to or cited. We think a sounder conclusion on this subject was reached by the learned Justice

Crockett, who wrote the opinion in the case above cited, and another justice, Rhodes, in *Aram* v. *Shallenberger*, 42 Cal. 275–279. What is said in *Ex parte Hollis*, 59 Cal. 408, as to an appeal, is mere *dictum*.

We are of opinion that O'Neil's case does not properly declare the law on the point under discussion, and should be overruled. (See *Larrabee* v. *Selby*, 52 Cal. 508.) The cases cited from New York (*Sudlow* v. *Knox*, 7 Abb. Pr. N. S. 411, and *Erie R. R. Co.* v. *Ramsey*, 45 N. Y. 637), throw no light on the subject discussed, as the decisions in those cases were made on statutes entirely different in their provisions from the provisions of the Constitution and statute governing the matter in this State.

The application must be denied and it is so ordered.

McKINSTRY, J., MYRICK, J., SHARPSTEIN, J., and ROSS, J., concurred.

MORRISON, C. J., concurring. — By the order of the Superior Court of San Francisco the petitioner was adjudged guilty of a contempt of court, and was fined five hundred dollars. From this order or judgment petitioner has taken steps to appeal the matter to this court, and to that end has filed the notice and statement appropriate under proceedings on appeal.

It is claimed that the right of appeal does not exist, and notwithstanding petitioner's attempted appeal, steps are being prosecuted to collect the fine imposed in the matter of the adjudged contempt. Petitioner now asks this court for an order staying all proceedings under the order of the court below. The right to the order asked for depends upon the question whether an appeal will lie in this case.

Section 1222 of the Code of Civil Procedure declares that "the judgment and orders of the court or judge in cases of contempt are final and conclusive"; and to give these words of the statute effect it must be held that no appeal can be taken in such cases under the Code. It is claimed, however, on behalf of the petitioner, that the right of appeal is a constitutional right — not to be taken away by the legislature. If the premises are correct, the conclusion is equally so. But let us see if the right of appeal exists under the Constitution.

The appellate jurisdiction of the Supreme Court is fixed by section 4, article vi., of the Constitution, which reads . "The Supreme Court shall have appellate jurisdiction in all cases in equity except such as arise in Justices' Courts; also in all cases at law which involve the title or possession of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars; also in cases of forcible entry and detainer, and in proceedings in insolvency, and in actions to prevent or abate a nuisance, and in all such probate matters as may be provided by law; *also in all criminal cases prosecuted by indictment or information* in a court of record on questions of law alone."

In the case of *New Orleans* v. *Steamship Company*, 20 Wall. 392, the Supreme Court of the United State held that "contempt of court is a specific criminal offense. The imposition of the fine was a judgment in a criminal case. That part of the decree is as distinct from the residue, as if it were a judgment upon an indictment for perjury committed in a deposition read at the hearing. This court can take cognizance of a criminal case only upon a certificate of division in opinion. In Crosby's case, Mr. Justice Blackstone said: 'The sole adjudication for contempt, and the punishment thereof, belongs exclusively and without interference to each respective court.'"

In the case of *Ex parte Crittenden*, 62 Cal. 534, the above case was followed by the present Supreme Court, and I see no reason to depart from the principle there stated.

It follows, then, that if the proceeding for contempt is in its nature a criminal proceeding, the right of appeal, under the Constitution, must be referred to that clause which authorizes an appeal in criminal cases. The language there found is the following: An appeal will lie "also in all criminal cases prosecuted by indictment or information in a court of record on questions of law alone." This is not such a case, and it can hardly be seriously contended that it comes within the language or meaning of the provision of the Constitution above quoted. In denying the right of appeal under the circumstances of this case, we in no sense endanger the liberty of the citizen. If the power of punishing for contempt is exercised by a tyrannical court in an

arbitrary or unjustifiable manner, there are other modes of relief provided by law. Such a case may be reached generally by *certiorari* or habeas corpus. The power is given for wise and salutary purposes, and the exercise of it by an upright and honest judge will but seldom occur in cases which do not demand a resort to this summary mode of punishment. To hold that the party in contempt may arrest the proceeding by appeal, would be to defeat in a measure the object and end of the law in conferring the power.

· I concur in the judgment of the court that there is no right of appeal.