## SOPHIA V. BENSON, APPELLANT, *v.* NICHOLAS ANDERSON AND OTHERS, RESPONDENTS.

APPEAL.—ONLY GIVEN BY STATUTE.—Appeals are wholly statutory and are given only by virtue of statutory law, and then such appeal is subject to all the restrictions prescribed by that law.

ID.—DISMISSAL.—AFFIDAVIT OF PAUPERISM.—Where the statutes of Utah Territory require an undertaking for an appeal, and that if the undertaking be not given the appeal shall be dismissed, under section 1 of Act of March 10, 1892, providing that any person may commence a civil action without giving security or making a deposit fee by taking an oath therein prescribed, an appellant is not entitled to file such an affidavit for the purpose of taking an appeal, and thereby be relieved from the necessity of giving an undertaking.

Motion to dismiss an appeal from the district court of the fourth district. Hon. James A. Miner, judge. The opinion states the facts.

*Messrs. Maloney and Perkins,* for the appellant.

*Messrs. Kimball and Allison,* and *Mr. Brigham H. Jones,* for the respondent.

SMITH, J.:

In this case a motion is made to dismiss the appeal, for the reason that no undertaking on appeal has been given. An inspection of the transcript on file shows that no undertaking has been filed, but an affidavit has been filed in the office of the clerk of the district court which was no doubt intended to take the place of an undertaking. The material part of the affidavit is as follows: " I do solemnly swear that I am not able to bear the expenses of this action on appeal, which I am about to take to the supreme court of the Territory of Utah, and that I am justly entitled to the relief sought, to the best of my belief." Then follows a statement that this affidavit is made by virtue of the act of the territorial legislature of 1892, approved March 10, 1892, and found on page 137 of the published laws of the last session. The first section of the act of the legislature referred to is as follows: " That any person may commence a civil action without giving security, or making a deposit fee, by taking and subscribing the following oath in writing: 'I, A. B., do solemnly swear that I am not able to bear the expenses of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief.'" The second section provides that the officers and witnesses shall perform their services as in other cases. The third section provides that, if it shall appear that the oath was probably untrue, the action shall be dismissed. The fourth section provides that, if the plaintiff fails in his action, the judgment shall be entered as in other cases.

Does this statute authorize this affidavit to be filed in lieu of an appeal bond? We think not, for the following reasons: (1) Only the plaintiff is allowed to file it, while either party may appeal. (2) It is only allowed in lieu of

the deposit or security for the commencement of an action. (3) It is intended only to give a party an opportunity to obtain judgment in the district court, and, if he fails, then judgment is to be entered against him as in other cases. (4) Appeals are statutory, and the right to appeal does not exist, except by virtue of statutory law; and then it is subject to all the restrictions prescribed by that law. See *Tyler* v. *Connolly*, 65 Cal. 28, 2 Pac. Rep. 414; *Blum* v. *Brownstone*, 50 Cal. 293. Section 3636 of the Compiled Laws of Utah requires the undertaking as a condition precedent to the appeal becoming effective for any purpose. Section 3650, in effect, provides that the appeal may be dismissed where no sufficient undertaking is given. No undertaking has been given in this case. The affidavit is not authorized by the statute relied on, and, for the reasons stated, the appeal should be and is dismissed.

ZANE, C. J., and BARTCH, J., concurred.