[Crim. No. 228.   In Bank.—September 10, 1897.]

THE PEOPLE, Respondent, v. CHARLES G. KUHLMAN, Appellant.

CONTEMPT—DISOBEDIENCE TO CORONER'S SUBPOENA—PUNISHMENT BY SUPERIOR COURT—JUDGMENT NOT APPEALABLE—DISMISSAL OF APPEAL.—The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive; and, as a general rule, there is no appeal from. a judgment or order adjudging one guilty of contempt; and where a coroner has adjudged a person guilty of contempt in disobeying a subpoena to appear at an inquest as a witness, an order thereupon made by the presiding judge of the superior court, that such person be imprisoned until he should testify before said coroner as directed by the latter, is not appealable, whether such order be viewed as within the general category of contempts, or as punishment for a misdemeanor, and an appeal therefrom will be dismissed.

ID.—JURISDICTION OF SUPERIOR COURT—UNLAWFUL IMPRISONMENT—REMEDY NOT BY APPEAL.—The question whether the superior court had jurisdiction to make the order appealed from cannot affect the invalidity of an appeal therefrom; and if appellant is imprisoned unlawfully, he must pursue some remedy other than appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco, directing imprisonment for contempt.   William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

J. B. Clarke, for Appellant.

Lennon & Hawkins, for Respondent.

McFARLAND, J.—While the coroner of San Francisco was holding an inquest, the appellant was subpoenaed to appear at the inquest as a witness.   He appeared, but refused to testify. Thereupon, the coroner, proceeding under sections 17 and 18 of "An act in relation to coroners in the city and county of San Francisco," approved March 16, 1872 (Stats. 1871-72, p. 403), made an order which recited the facts, adjudged the appellant guilty of contempt for not testifying, and ordered the sheriff to take the appellant before some police or superior judge to be punished for such contempt.   The appellant was taken before one of the superior judges of the city and county of San Fran-

cisco, whereupon an order was made by the superior court of which the said judge was the presiding judge, that the appellant, for such contempt, be imprisoned until he should testify before said coroner as directed by the latter. From said order the appellant has appealed to this court; and the matter is now presented upon the motion of the respondent to dismiss the appeal, upon the ground that the order is not an appealable order. The motion must be granted.

Section 1222 of the Code of Civil Procedure provides that: "The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive." And the general rule is definitely settled that there is no appeal from a judgment or order adjudging one guilty of contempt.. (*Tyler v. Connolly*, 65 Cal. 28; *In re Vance*, 88 Cal. 262; *Estate of Wittmeier, post,* p. 000.) If there are exceptions to this general rule, this case does not present one.

Appellant contends that the case at bar is not within section 1222 of the Code of Civil Procedure, because, as he claims, that section refers only to contempts of a court which are specially enumerated in the preceding sections; but the order appealed from in the case at bar is either within the general category of contempts, or else the act for which the appellant was punished by the order of the superior court was simply a misdemeanor; and in either case no appeal to this court is provided for, either by the constitution or statute. There is no appeal from the superior court to this court in a criminal case, unless the appellant had been prosecuted in the former court under an information or indictment. Appellant contends that the superior court had no jurisdiction to make the order appealed from, and that the whole proceeding was void; but if that be so still no appeal would lie, and if appellant is imprisoned unlawfully he will have to pursue some remedy other than appeal.

The motion to dismiss the appeal is granted, and the appeal is dismissed.

Henshaw, J., Harrison, J., and Temple, J., concurred.

BEATTY, C. J., concurring.—I concur. Where, as in this case, a contempt proceeding is strictly criminal in its nature, where, in other words, the object of the proceeding is merely to

punish the defendant for a misdemeanor, it is clear that no appeal lies to this court. But I understand the rule to be different where the proceeding is merely a step taken in a civil action or proceeding after judgment for the purpose of enforcing a right of a party thereto.

I add this qualification to my concurrence only because the distinction between the two classes of contempts is not so clearly stated in the opinion of the court as to compel attention.