## BURNETT v. JACKSON, *Judge.*

No. 1895.    Opinion Filed September 27, 1910.

(111 Pac. 194.)

1.   **APPEAL AND ERROR—Stay of Proceedings Below.** Upon an appeal which stays proceedings, the subject-matter involved is removed from the jurisdiction of the lower court until the appeal has been determined.

2.   **SAME—Appeal from County Court to District Court.** A county court has no jurisdiction pending an appeal to the district court from an order transferring a guardianship proceeding from that court to the county court of another county under act of the Legislature of 1910 (chapter 25, Sess. Laws Okla.) to make certified copies of the orders and judgments therein and transmit the same, as its power to act therein is suspended by the appeal; and a court receiving such proceeding under such circumstances is without jurisdiction to act.

(Syllabus by the Court.)

*Original Action for Writ of Prohibition.*

Application by Bates B. Bennett, guardian of Edith Durant, for a writ of prohibition to W. C. Jackson, Judge of the County Court of Muskogee County. Writ granted.

*Hughes & Miller,* for plaintiff.—Citing: *State ex rel. v. Huston,* 21 Okla. 782; *Evans v. Willis,* 22 Okla. 310; 32 Cyc. 602-608; *Bush et al. v. Bush et al.,* 33 Kan. 556; *Presbury v. Pickett,* 1 Kan. App. 631; *Rexroad v. Johnson,* 4 Kan. App. 333; *Scantlin v. Allison,* 12 Kan. 85; *McBride v. Vance,* 73 Ohio St. 258; *People v. Railway Co.,* 29 N Y. 418; *Howell v. Mills,* 53 N. Y. 322.

*W. G. Robertson, Lewis A. Kean,* and *Earl Bohannon,* for defendant.—Citing: *In re Macky's Estate* (Colo.) 102 Pac. 1088; *Sherer v. Sherer* (Me.) 74 Am. St. Rep. 339; *Briard v. Goodale* (Me.) 41 Am. St. Rep. 526; *Wiggin v. Sewett* (Mass.) 39 Am. Dec. 716; *In re Estate of Merrifield* (Cal.) 4 Pac. 1176; *In re Williams' Estate* (Cal.) 54 Pac. 386; *In re Dewar's Estate* (Mont.) 25 Pac. 1025.

DUNN, C. J. July 29, 1910, Bates B. Burnett, as guardian of Edith Durant, a minor, filed his petition in this court against W. C. Jackson, as judge of the county court of Muskogee county, praying a writ of prohibition against him, as such judge, from proceeding to take jurisdiction of the guardianship estate of Edith Durant. The facts involved sufficient to disclose the question presented are: That Bates B. Burnett was the duly appointed guardian of the person and estate of Edith Durant, a minor, now pending in the county court of Creek county. July 1, 1910, the county court of said county made an order transferring said estate from the said county court to the county court of Muskogee county. That on the same day the plaintiff herein, as guardian of the above-named minor, filed a notice of appeal in the office of the clerk of the county court of Creek county, and on July 2, 1910, executed an appeal bond which was by the judge of said county court duly approved. Thereafter the clerk of the county court, notwithstanding the filing of the said notice of appeal and bond, in response to a writ issued by the judge of the district court of Creek county,

transmitted all the papers and files involved in the said guardian-
ship proceeding to the county court of Muskogee county. These
papers were received July 14, 1910, and it is made to appear that
such county court of Muskogee county has taken jurisdiction of
the cause and is issuing orders and proceeding thereunder. The
guardianship proceeding involved herein was pending in one of
the United States courts of the Indian Territory at the time of
the admission of the state, and was by section 19 of the enabling
act (Act June 16, 1906, p. 3335, 34 Stat. 277) and section 23 of
the Schedule to the Constitution transferred to the county court
of Creek county. Under section 5472, Comp. Laws Okla. 1909,
it is provided that county courts may appoint guardians for the
persons and estates of minors who are inhabitants or residents of
the county. On the division of what was formerly Indian Terri-
tory into counties after statehood, it often occurred that a ward
was a resident of one county while his guardianship proceeding was
pending in another. To correct this, the Legislature of 1910
passed an act (chapter 25, p. 37, Sess. Laws 1910), providing for
the transfer of such proceedings to the county of the domicile of
such minor, and providing that the original papers, together with
certified copies of all orders and judgments, should be filed in the
court to which the removal was made, and that the case should
proceed as if originally filed therein. It was under the au-
thority of this statute that the order was made in this
case; a motion to secure which having been filed by the
father of the ward, as next friend. It is the contention of counsel
for plaintiff herein that, upon perfecting the appeal, the question of
the removal became at once transferred from the county court,
and lodged in the district court of Creek county, and that the
judge or the clerk of the said county court was without authority
or power to proceed further in the matter, and that the county
court or county judge of Muskogee county to which the proceed-
ing was attempted to be transferred acquired no jurisdiction to
proceed. It is the contention of counsel for defendant that an ap-
peal does not lie to the district court from the order of transfer

made herein, and hence that the appeal sought to be taken was a nullity; that the county court of Creek county was not divested of power to make the transfer; and that, having made it, full jurisdiction was vested in the county court of Muskogee county to proceed.

To entitle a party to a stay and to remove the matter appealed from the jurisdiction of the lower to the appellate court, the judgment or order must be appealable. 2 Cyc. 889, and cases cited in note 80. And in a case where an appeal will not lie as a matter of law, the appellant is not entitled to a writ of prohibition to stay the hand of the lower court from proceeding. *Tyler v. Connolly,* 65 Cal. 28, 2 Pac. 414. Hence, to determine the question of whether the writ prayed for herein should be allowed, it is necessary to first determine whether the order made transferring this proceeding is appealable.

Section 5451, Comp. Laws Okla. 1909, sets forth the provisions under which an appeal may be taken to the district court from a judgment, decree, or order of the county court. After enumerating a number of appealable orders and judgments, it provides that such appeal may also be taken from any "judgment, decree, or order of the county court or of the judge thereof affecting a substantial right." Section 5452, *Id.,* provides that such appeal may be taken by any party aggrieved, and section 5453, *Id.,* provides that a person interested in the estate affected by the decree or order who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, may appeal. Section 5560, *Id.,* provides that a guardian may bring an action without joining the person for whose benefit it was prosecuted, and section 5490, *Id.,* provides that he must appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian or next friend.

The foregoing sections of our statute are the ones covering the provisions of law relating both to the question of whether this order was appealable, and, if so, by whom the same should or

might be taken. The statute of 1910 (Sess. Laws 1910, p. 37) was a remedial act passed for the purpose of enabling a ward to have his estate administered in the county of his domicile, and the order made herein for the transfer is not different in kind than a number of the provisions of the section setting forth orders subject to appeal. It was such a right and considered of such substantial importance that the Legislature of the state was prompted to pass a specific act to effect this end, and viewing its purpose and the end to be attained, and taking into consideration the fact that under section 5472, *supra,* guardians appointed were required to be of the county of the ward's domicile, in our judgment either the granting or denial of the order is appealable. The notice of the appeal taken and the bond given, as shown by the record, appeared to be in legal form, and on the filing of the same the appeal so perfected operated as a supersedeas and stayed all further proceedings relative to the transfer of the case from the county court of Creek county, and precluded it from transferring it to the county court of Muskogee county. If this were not true, and the proceeding were transferred notwithstanding the appeal, and the receiving court were permitted to take jurisdiction thereof and proceed, it might produce almost inextricable confusion in the administration of the estate in the event it was finally determined that the order of the county court of Creek county was erroneous. It is a well-settled principle of appellate procedure that, whenever a case is brought within the jurisdiction of an appellate tribunal, it is taken entirely out of the inferior court. The appeal necessarily removes the matter in controversy to the higher court for review. *In re Epley et al.,* 10 Okla. 631, 64 Pac. 18; Woerner on Am. Law of Administration (2d Ed.) § 547, pp. 1202-1204; 4 Enc. L. & P. pp. 246, 256; *Du Bois v. Brown,* 1 Dem. Sur. (N. Y.) 317; *Waterman v. Ball,* 64 How. Prac. (N. Y.) 368; *Halsey v. Van Amringe et al.,* 4 Paige (N. Y.) 279; *In re Estate of Schedel,* 69 Cal. 241, 10 Pac. 334.

In order that the administration of the affairs of this estate shall be as little interfered with as possible, the appeal should

receive early consideration at the hands of the district court, and, if for any reason the same cannot be sustained, there should be a prompt mandate to the county court to the end that it may proceed in accordance with the order made. The jurisdiction of the county court of Muskogee county depending upon the order made by the county court of Creek county, and the transfer of the files and proceedings having been made after an appeal had been taken to the district court, it is without power to proceed, and the writ prayed for will, accordingly, be allowed, and the respondent herein, the county judge of Muskogee county, advised of the conclusion to which we have come. The writ, however, will not be issued except on a further motion of plaintiff showing a necessity therefor.

All the Justices concur.