[Civ. No. 1266.   First Appellate District.—May 15, 1914.]

## MARGARET E. ABBOTT, Appellant, v. THOMAS E. ABBOTT, Respondent.

CONTEMPT—ORDERS IN PROCEEDINGS FOR CONTEMPT—WHETHER REVIEWABLE ON APPEAL.—An order in a contempt proceeding is not reviewable on appeal. This is the law generally and is expressly declared in section 1222 of the Code of Civil Procedure.

ID.—ALIMONY—PROCEEDING IN CONTEMPT TO COMPEL PAYMENT—APPEAL.—Where an interlocutory decree of divorce provides permanent alimony, but the final decree does not, and after the entry of the final decree the defendant is cited to show cause why he should not be punished for contempt in not complying with the requirements of the interlocutory decree in paying alimony, an order discharging him is not reviewable on appeal.

ID.—MANDAMUS—WHETHER LIES WHERE COURT REFUSES TO ENFORCE JUDGMENT.—In such case, if the plaintiff's position is correct, the trial court in effect refused to enforce a plain provision of a judgment, in which case *mandamus* would be the proper remedy.

ID.—CERTIORARI—VOID PROCEEDING.—*Certiorari* will lie when the proceedings are absolutely void for want of jurisdiction.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

W. P. Netherton, for Appellant.

James A. Hall, for Respondent.

KERRIGAN, J.—The plaintiff in this action sued for a divorce from the defendant upon the ground of cruelty. Incidentally the plaintiff prayed for the sum of fifty dollars per month as temporary alimony. The defendant defaulted. The lower court made its findings of fact in favor of the plaintiff, and among other things specifically found that "The sum of $50 per month permanent alimony -is a reasonable sum to be allowed plaintiff for her support and maintenance." Thereupon the plaintiff was granted an interlocutory decree of divorce, which in addition to declaring that the plaintiff was entitled to be divorced from the defendant, ordered, adjudged and decreed that the defendant pay to the plaintiff "the sum of $50 per month permanent alimony" until the further order of the court.

The interlocutory decree was duly entered as of the date of its making. No appeal was taken therefrom, and upon the expiration of one year a final decree of divorce was made and entered, which failed to award to plaintiff an allowance for her maintenance, and made no reference to the "permanent alimony" previously allowed her in the interlocutory decree.

The defendant paid fifty dollars per month to the plaintiff as directed by the interlocutory decree from the date of its making to the date of the entry of the final decree; but failed and refused thereafter to make any further payments to the plaintiff. Upon the affidavit of plaintiff the defendant was cited to show cause in the court below why he should not be punished for contempt in refusing to comply with the mandate of the interlocutory decree. Upon the hearing of the order to show cause the defendant contended, and the lower court held, that the interlocutory decree, in so far as it related to the payment of permanent alimony, was not enforceable after the entry of the final decree; and that inasmuch as the latter decree made no provision for alimony the defendant was not in contempt. Upon that ground alone the lower court ordered the citation in contempt dismissed

and respondent discharged.。 From this order the plaintiff has appealed.

We cannot consider the merits of the question presented˙ by the briefs for the reason that the order appealed from, being one in a contempt proceeding, is not a reviewable order.   Such was the common law (9 Cyc. 61).   It is the law generally (see note to *Mullin* v. *People,* 22 Am. St. Rep. 417), and it is expressly so provided in section 1222 of the Code of Civil Procedure.   (*People* v. *Latimer,* 160 Cal. 716, 720, [117 Pac. 1051] ; *Tyler* v. *Connolly,* 65 Cal. 28, 33 [2 Pac. 414] ; *People* v. *Kuhlman,* 118 Cal. 141, [50 Pac. 382] ; *In re Vance,* 88 Cal. 262, [26 Pac. 101].)   *Certiorari* will lie when the proceedings are absolutely void for want of jurisdiction.   (*People* v. *Latimer,* 160 Cal. 716, [117 Pac. 1051] ; *Muir* v. *Superior Court,* 58 Cal. 361; *Maxwell* v. *Rives,* 11 Nev. 213; *Phillips* v. *Welch,* 12 Nev. 158; *Young* v. *Cannon,* 2 Utah, 560).   In this case, if plaintiff's position be correct, the trial court in effect refused to enforce a plain provision of a judgment, in which case *mandamus* would seem to be the proper remedy (*Crocker* v. *Conrey,* 140 Cal. 213, [73 Pac. 1006] ; *People* v. *Latimer,* 160 Cal. 716, [117 Pac. 1051].)   In 9 Cyc. at page 65, it is stated that the extraordinary writ of *mandamus* will issue in contempt proceedings when the applicant has a clear right, and no other specific and adequate remedy.

The appeal is therefore dismissed.

Lennon, P. J., and Richards, J., concurred.