[L. A. No. 18187.   In Bank.   Apr. 28, 1942.]

J. HARTLEY TAYLOR, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Brooks Gifford and William E. Fox for Petitioner.

J. H. O'Connor, County Counsel, Himrod & Parks, J. N. Hastings and U. T. Clotfelter for Respondent.

EDMONDS, J.—Upon affidavits made by L. N. Dechene, the superior court issued an order directing Frederic A. Clarke and his attorneys to show cause why they should not be punished for contempt of court because of acts assertedly

committed in violation of a preliminary injunction. Later a second order to show cause issued, based upon a further affidavit of Dechene. When the matter came on for hearing, each of the orders to show cause was dismissed and the alleged contemners discharged upon the ground that the injunction could not be enforced because of the failure to comply with its requirement concerning the filing of a bond.

The present controversy is the outgrowth of an action brought by the petitioner to establish the existence of a partnership with Clarke, and to secure an accounting and declaratory relief. In the course of that litigation, he obtained from the respondent court a temporary restraining order, an order to show cause why a receiver should not be appointed and an injunction pendente lite issued. On April 24th, which was the return date of the order to show cause, a hearing was had and the court made the following order as shown by its minutes: "Injunction is granted; bond fixed at $1000.00. Restraining order is to remain in force until April 25, 1940, at 5 p. m." On the same day, the petitioner filed a bond in which a corporate surety agreed that in the event the injunction applied for should issue, it would indemnify the party enjoined for any damages, not exceeding $1,000, as he might sustain thereby if the court finally decided that the plaintiff was not entitled thereto.

The minute order was followed by one in writing made on April 25, 1940, in which the court enjoined Clarke and his attorneys from withdrawing certain funds of the business in controversy. This order also provided "that the Plaintiff shall post a surety bond in the sum of $1000.00 to indemnify defendant." Another provision was "that the temporary restraining order previously made herein on the 18th day of April, 1940, shall remain in full force and effect until the 25th day of April, at 5 o'clock p. m."

The contempt proceeding was instituted by the filing of an affidavit made by one L. N. Dechene, an accountant employed by the petitioner. By this affidavit, Dechene charged that Clarke and his attorneys had violated the injunction by withdrawing funds and disposing of certain equipment in violation of its terms. In an amended affidavit, Dechene charged the commission of the same acts, and also that Eldon V. Soper and Gerard F. Baker had each filed an affidavit in the contempt proceeding which contained statements known by them to be false and untrue. An order to show cause issued upon this second affidavit.

When the matter came on for hearing, all of the charges made by Dechene had been answered in counter affidavits made by the alleged contemners. At that time counsel for Clarke, Soper and Baker objected to the introduction of any evidence upon the ground that the affidavits did not state facts sufficient to constitute a cause of contempt. The trial court sustained the objection, but upon the ground that no bond had been filed as required by the order granting a preliminary injunction.

As there is no appeal from an order made in a contempt proceeding, it may be reviewed upon certiorari if it is in excess of jurisdiction. (Code Civ. Proc., § 1222; *Commercial Bank of Spanish America* v. *Superior Court,* 192 Cal. 395 [220 Pac. 422]; *Tripp* v. *Tripp,* 190 Cal. 201 [211 Pac. 225]; *Otis* v. *Superior Court,* 148 Cal. 129 [82 Pac. 853]; *Pennell* v. *Superior Court,* 87 Cal. App. 375 [262 Pac. 48]; *Abbott* v. *Abbott,* 24 Cal. App. 475 [141 Pac. 939].) And in passing upon the question of the trial court's jurisdiction, the reviewing court may consider the evidence which was before it for the purpose of determining that issue. (*Bridges* v. *Superior Court,* 14 Cal. (2d) 464, 485 [94 P. (2d) 983]; *McClatchy* v. *Superior Court,* 119 Cal. 413 [51 Pac. 696, 39 L. R. A. 691]; *Hotaling* v. *Superior Court,* 191 Cal. 501, 506 [217 Pac. 73, 29 A. L. R. 127]; *Titcomb* v. *Superior Court,* 220 Cal. 34 [29 P. (2d) 206].) The converse is also true, and where the evidence does not justify an order by which a trial court divests itself of jurisdiction to hear and determine the matter, the order may be annulled on certiorari. So it has been held that, where the disobedience of an injunction issued by the court is made to appear, and the court in effect erroneously sustained a demurrer to the affidavits of the party for whose benefit the injunction had issued, the order should be annulled. (*Goodall* v. *Superior Court,* 37 Cal. App. 723 [174 Pac. 924].)

Assuming that the written order of April 25th was necessary to make the injunction effective, the filing of the surety bond by the petitioner on April 24th following the hearing of the order to show cause, at which time the court ordered the injunction to issue and a bond to be filed, was a sufficient compliance with its terms. Although by that order the court declared that the plaintiff "shall post a bond of $1000.00 to indemnify defendant," the prospective language of the bond filed the previous day furnished adequate protection to those against whom the injunction ran. (*Yellen* v.

*Fidelity & Casualty Co. of N. Y.*, 115 Cal. App. 434 [1 P. (2d) 1019]; *Carter* v. *Mulrein,* 82 Cal. 167 [22 Pac. 1086, 16 Am. St. Rep. 98].)

Answering another point urged on behalf of the respondent court, as the petitioner is the person for whose protection the injunction was granted, he is a party beneficially interested in the ruling complained of within the requirements of section 1069 of the Code of Civil Procedure, and not a stranger to the record. (*Goodall* v. *Superior Court, supra.*) The affidavits bore the caption of the civil action, and the fact that they were made by Dechene, an auditor employed by the petitioner to examine the books and records of the business whose ownership is in dispute, does not deprive the petitioner of the right to question the order by writ of certiorari.

The respondent court therefore exceeded its jurisdiction in refusing to hear and determine the issues presented by the affidavits of Dechene and the alleged contemners.

The order is annulled.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.

Respondent's petition for a rehearing was denied May 25, 1942.