[Civ. No. 14194. Second Dist., Div. Three. Jan. 4, 1944.]

NAOMI MOON, Appellant, v. CHARLES MOON, Respondent.

Arthur A. Jones for Appellant.

Clarence Hansen for Respondent.

BISHOP, J. pro tem.—Plaintiff's notice of appeal states that she appeals from all orders made in this case on February 15, 1943, and particularly from six orders which are specifically mentioned. We shall comment upon these orders in the order of their appearance—or failure to appear.

■ The first to appear in this order: "Defendant is ordered to prepare Findings of Fact and said Findings are to be added to the Clerk's Transcript on Appeal, otherwise Clerk's Transcript and Reporter's Transcripts on appeal are signed, settled, allowed and made a part of the Records in this case." The findings referred to were ultimately signed and filed and came up, physically, as a part of the record in the companion appeal, *ante*, p. 185 [144 P.2d 596], in which we are today filing an opinion. We paid no attention to them, however, for findings of fact are not required to support an order modifying a custody provision (*Crater* v. *Crater* (1902), 135 Cal. 633, 635 [67 P. 1049]; *Simmons* v. *Simmons* (1913), 22 Cal.App. 448, 456 [134 P. 791]; *Gavel* v. *Gavel* (1932), 123 Cal.App. 589, 591 [11 P.2d 654]) except possibly in the case of an award of custody to one not a parent of the child (see *Stever* v. *Stever* (1936), 6 Cal.2d 166 [56 P.2d 1229]), and these findings were filed more than two months after the making of the order from which an appeal had already been taken. The plaintiff devotes the first portion of her brief to some criticism of the court's order respecting the preparation of findings, although the subject is not one of those

listed in her Statement of Questions Involved, but she fails to reveal either that this first order of February 15 was erroneous or that it prejudiced her in any way. The first order is affirmed.

The second order reads: ''The contempt matter is dismissed.'' This matter was initiated by the filing of plaintiff's affidavit in which she alleged that the defendant was in default in that he had not made the payments for the support of his child which were required by the interlocutory decree referred to in the companion appeal. At the hearing it was admitted that since the order, which we reversed in the companion appeal, the defendant has made none of the payments required of him. However, no appeal lies from a judgment or order in a contempt proceeding. (Code Civ. Proc., sec. 1222; *Taylor* v. *Superior Court* (1942), 20 Cal.2d 244, 246 [125 P.2d 1].) The appeal from the second order is dismissed.

The third order is thus recorded: ''Motion for support of child pending appeal is denied.'' This order might well have been denied because no notice was given that it was to be made. On January 19th plaintiff filed the affidavit already referred to in which she alleged (1) that the defendant was in default in his payments for the support of Charla and (2) that she had taken an appeal from the order of December 18th, and was without funds to pay her attorney and court costs on appeal. An order to show cause, based on this affidavit and limited to the two matters referred to in it, served not only as a citation to the defendant to appear but also as a notice that two motions would be made, one that the defendant should be punished for contempt, the other for attorney fees and costs on appeal (*Difani* v. *Riverside County Oil Co.* (1927), 201 Cal. 210, 213 [256 P. 210]). Early in February the plaintiff made and filed a ''Supplemental Affidavit for order to Show Cause in re Contempt'' in which she made more specific allegations concerning defendant's default and added these words: ''It is further requested by affiant that Charles Moon be compelled to pay to Naomi Moon, continuously, the sum of Thirty Dollars ($30.00) per month, or more, for the support of said child, pending the appeal involving the custody of said child.'' No new order to show cause was issued nor was any notice given that the plaintiff was going to move for such an order.

Furthermore, the denial of the motion works no prejudice to the plaintiff. The order of December 18th, modifying the provision existing in the divorce judgment, that the plaintiff have custody of Charla, by giving her custody to the defendant, made no change, unless by implication, in the further provision that the defendant pay the plaintiff $30.00 per month toward the support of Charla. Any modification in this provision that could be implied from the change of custody has been counteracted by the appeal, the writ of supersedeas issued to prevent an actual change of custody being enforced pending appeal, and the reversal of the order re custody which is being made in the companion appeal. The order denying the motion for support pending appeal is affirmed.

■ Turning again to the orders made on February 15th, we find the next one, the fourth, to be: "Order for posting of stay bond on appeal is rescinded." Whatever else might be said respecting this order, the fact that this court issued a writ of supersedeas, staying the execution of the order appealed from, makes the matter moot. Plaintiff evidently so regards it, for she presents no argument concerning it. The appeal from this order is dismissed.

■ The last order made on February 15th, appears as follows: "Motion for attorney fees on appeal is denied, the higher courts to fix the fees, if any are to be allowed. Defendant is ordered to pay Plaintiff's attorney $135.00 costs on Appeal." The plaintiff is in no position to complain about the portion of this order respecting costs. The evidence, generously interpreted, warranted an order for $52.50 for costs of appeal other than for printing briefs. The charge for briefs was said to be $1.00 per page; the outside estimate was that there would be sixty pages. (The fact is that plaintiff's briefs in the companion appeal, for which the order was made, total twenty-six pages.) Respecting the matter of attorney fees, it appeared that the plaintiff had made an arrangement with her attorney to pay his fees as she could, had already paid him the sum of $50 and was earning enough so that if more was reasonably due she could pay it. The order is affirmed.

■ We now come to some orders particularly appealed from, but which do not appear to have been made. The first of these is an order made on the "Motion and order to show cause" for an order that the defendant pay attorney fees

and court costs on the writ of prohibition which was denied by this court in *Moon* v. *Superior Court* (1943), 59 Cal.App.2d 447 [139 P.2d 84]. There was no order to show cause ever issued respecting this subject, no notice that the motion was to be made, and no order entered respecting it. The same is true respecting the motion that was made for attorney fees and court costs for the filing of a writ of mandamus in the Supreme Court. These appeals from nonexistent orders are dismissed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.