[Civ. No. 4177. Fourth Dist. Oct. 30, 1951.]

WILLIAM MARVIN BILES, Appellant, v. NELL JANE BILES, Respondent.

Taylor F. Peterson for Appellant.

Swing & Gillespie for Respondent.

BARNARD, P. J.—This is an appeal from an order refusing to change the custody of two children, aged 2½ years old and a boy nearly 5. The custody of these children was awarded to the respondent by an interlocutory decree of divorce entered on April 18, 1949. On April 3, 1950, the appellant applied for a modification of that decree, giving such custody to him. The respondent filed an answering affidavit with the request that the existing order remain unchanged. A final decree of divorce was entered on April 19, 1950, and later that day the respondent was married to one Earl F. Gettle at Santa Ana.

A hearing on the application for change of custody was held on April 21, 1950, at which both of the parties and three other witnesses testified. The evidence disclosed that the children were being well cared for by the respondent in a nearly new three-bedroom home; that the appellant was employed at the Patton State Hospital with board and room furnished; and that he intended, if given the children, to place them in the home of some friends. There was also evidence that on May 9, 1949, the respondent and Gettle had gone through a marriage ceremony at Tijuana, Mexico, and that since that date they had lived together in the home where the children were being kept. The appellant called a witness who testified that she had married Gettle in 1944, and they had not been divorced. On cross-examination, she admitted that when she married Gettle she already had a husband who was still living and from whom she had never been divorced. The appellant testified that he had observed the conditions in respondent's home, and that they were ''just like you find

them in most homes." The only objection he raised was that the respondent had lived with Gettle without being properly married to him, and that he did not think it was right to "bring up children under conditions like that." It was brought out that a final decree had been entered, and that the respondent and Gettle had since been remarried. The court suggested that he would like to continue the matter and obtain a report from the probation officer as to whether "the conditions under which the children are presently residing are fit and proper for them insofar as the physical and mental health of the children are concerned," and further remarked that any order permitting the respondent to continue to have custody of the children should be dependent upon her clearing up her marital status, with respect to whether or not Gettle had been free to marry her. The court asked counsel for the appellant if this was satisfactory to him. He replied that it was and the matter was continued.

Sometime between the first and second hearings a decree was entered annulling the marriage of Gettle to the woman who testified she had married him in 1944. At the second hearing, on May 26, 1950, this fact was brought out, two witnesses were called by the appellant, and his attorney announced that he had no further testimony to offer. The court then denied appellant's request for a modification of the custody order. A formal order was later entered, and this appeal followed.

The first point raised, that the evidence is insufficient to sustain the order, is based solely on the contention that the evidence shows that the respondent admittedly contracted a bigamous marriage with Gettle, and is living "in open defiance of the law" in the presence of the children. It is argued that this bigamous relationship not only existed from May 9, 1949, to April 19, 1950, but that it still exists, since they did not again remarry after Gettle obtained an annulment of his 1944 marriage. ■ The respondent's marriage to Gettle on April 19, 1950, was not rendered invalid by the fact that Gettle's annulment was not procured until a few days later. (*In re Eichhoff*, 101 Cal. 600 [36 P. 11].) ■ While the situation existing between May 9, 1949, and April 19, 1950, is one not to be especially commended, it had no conclusive or compelling effect on the question before the trial court. Any doubt as to whether this Mexican marriage was legal was removed by the subsequent marriage after respondent's divorce became final and before the first of these hearings. The

good faith of the respondent and any possible effect on these young children were, at best, factual questions. The order made is supported by the record, and nothing appears which requires its reversal.

 The only other point raised is that the court erred in "admitting and adopting the report of the probation officer." The appellant relies on *Fewel* v. *Fewel,* 23 Cal.2d 431 [144 P.2d 592]; *Washburn* v. *Washburn,* 49 Cal.App.2d 581 [122 P.2d 96]; *Moon* v. *Moon,* 62 Cal.App.2d 185 [144 P.2d 599]; and *Wilkinson* v. *Wilkinson,* 105 Cal.App.2d 392 [233 P.2d 639], and argues that the probation officer's report was the only thing that the judge considered in deciding this question of custody. Those cases are not controlling under the facts which here appear. The only thing referred to the probation officer, and that with appellant's consent, was whether the conditions under which the children were presently residing were fit and proper insofar as their physical and mental health was concerned. The report of the probation officer covered these matters, including the result of interviews with persons to whom the officer had been referred by the appellant, and made no recommendation whatever. The remarks of the court at the second hearing very clearly show that he acted upon the evidence, and not solely on the report. After stating that he would adopt and consider the report, he referred to the evidence concerning respondent's "marital entanglements" and said he was convinced she had acted in good faith, and that "such situation has not affected the children." Neither error nor prejudice appears in connection with such use as was made of the probation officer's report.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.