McCABE, P.J.
On December 17, 1958, Bill and Betty Butler, husband and wife, entered into a property settlement agreement. At that time there were one minor child of the marriage and Betty’s minor child by a previous marriage who had been adopted by Mr. Butler. By the property settlement agreement each of the parties was to receive certain specifically described personal property. ■ Additionally, it was provided: ‘ ‘ Said Husband does hereby further agree to pay to *129 said Wife the sum of $300.00 within six months from the date of the execution of this agreement. Said Wife does hereby waive any and all rights which she may have in and to all alimony or other money payments for her support and maintenance other than the foregoing. ’ ’
The property settlement agreement provided Betty was to have exclusive care, custody and control of the minor children subject to reasonable visitation rights in Bill. Bill agreed to pay $25 per week 1 ‘ as and for the support and maintenance of said children until further order of the court. ’ ’
The usual provisions were incorporated in the settlement agreement regarding waiver of rights in the other party’s property and estate. It was agreed “that an executed copy of this agreement may be presented to the court in any action for divorce between the parties hereto, and upon the court’s approval thereof, shall be incorporated into and made a part of any and all interlocutory judgments and decrees and final judgments and decrees that the court may render in such action, in which event it is further agreed that as part of said interlocutory judgment and final judgment, the court may order the parties to comply with the terms hereof in every respect; that if this said agreement is approved by the court, then it shall be determinative of the rights of the parties as to all matters herein contained and agreed upon. ’ ’
Bill, as plaintiff, filed a divorce action on December 18, 1958 (the day after the signing of the property settlement agreement). In the complaint Bill alleged the parties had entered into an agreement whereby the parties had 11 divided any and all property possessed by them and have settled as between themselves all rights, community or otherwise, that have arisen and may arise by reason of the marriage of the parties hereto; that said agreement shall be reduced to writing and presented to the above entitled court for its approval upon hearing of said cause. ’ ’
Defendant Betty filed an appearance and waiver. The court on January 16,1959, granted an interlocutory decree which in part provided: “2. That the plaintiff pay to the defendant for the support and maintenance of said minor children as follows: for Kathleen Butler the sum of $12.50 per week and for Linda Butler the sum of $12.50 per week until further order of court. The defendant is further ordered to keep the plaintiff advised at all times as to the current address where children are residing and the current address as to where all support payments will be sent.
*130 “3. That the plaintiff pay to the defendant the sum of $300.00 on or before June 17, 1959. The defendant is to receive no alimony or support payments other than the foregoing amount for her support and maintenance.
“4. That the Property Settlement Agreement dated December 17, 1958, heretofore entered into between the parties hereto is hereby approved and incorporated by reference and made a part of this interlocutory judgment and both parties are hereby ordered to comply with all of the executory provisions therein. ’ ’
The final decree filed on February 8, 1960, provided in part: “It is further ordered and decreed that wherein said interlocutory decree makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full, and that wherein said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto. ’ ’
On March 8, 1966, Betty, by now remarried, filed a Declaration in re Modification of Child Support requesting an increase of child support from $12.50 per week per child to $25 per week per child and an Order to Show Cause was issued. '
On March 8, 1966, Betty filed a declaration by which she sets forth an itemization of the weekly amount due and the amount received reflecting a total amount due for child support of $9,200 and an amount paid of $1,840, leaving a balance of $7,360. Also, in her declaration Betty states the $300 provided to be paid to her has not been paid.
The two Orders to Show Cause were before the court on April 11, 1966, with the following resulting minute order: ‘ ‘ Order to Show Cause re: Contempt, Order to Show Cause re: Modification.
■ “Plaintiff in court with counsel R. Floum. Defendant in court with counsel L. M. Brown. Counsel for plaintiff moved that contempt action in this matter be dismissed as Court lacks jxirisdiction. Motion granted. Motion by counsel for defendant that Order to Show Cause re: Modification go off calendar. Motion granted. ’ ’
We are here concerned only with the notice of appeal from the order dismissing the contempt proceedings. Bill Butler, the defendant in the trial court, has filed no respondent’s brief on this appeal.
*131 The first question presented on this appeal is: Is the order of dismissal of the contempt proceedings an appealable order? Our answer must be in the negative.
Section 1222, Code of Civil Procedure, provides: “The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive. ’ ’
Primarily, the cases in which an attempted appeal was filed are those in which a party was found in contempt. However, there are a limited number of cases of discharge of order to show cause or a finding the party is not in contempt with a notice of appeal filed subsequent to such orders.
In John Breuner Co. v. Bryant, 36 Cal. 2d 877 [229 P.2d 356], a motion to dismiss the appeal was granted where the trial court had discharged the defendant after finding him not to be in contempt. In the Bryant, supra, case, the rule was enunciated: “It is well settled that orders and judgments made in cases of contempt are not appealable, and this rule has been held applicable both where the trial court imposed punishment for contempt and where the alleged contemner was discharged. [Cases cited.] An order or judgment in a contempt matter may, however, be reviewed by certiorari [cases cited], and, where appropriate, by habeas corpus [cases cited]. ’ ’
In Sanchez v. Newman, 70 Cal. 210 [11 P. 645], proceedings were brought to punish defendant for alleged contempt of an order of court. The trial court dismissed the proceeding on the ground that it was barred and therefore the court had no jurisdiction. The Supreme Court said: “In Tyler v. Connolly, 65 Cal. 28 [2 P. 414], it was held that there is no appeal from a judgment in a ease of contempt. We find nothing in this ease which takes it out of the rule laid down in the case cited. For the reasons given in Tyler v. Connolly, we are of opinion that there can be no appeal here. The appeal must therefore be dismissed, and it is so ordered. ’ ’
In Abbott v. Abbott, 24 Cal.App. 475 [141 P. 933], the interlocutory decree provided defendant should pay to plaintiff $50 per month permanent alimony until further order of court. Defendant did so until the final decree was entered which failed to provide for the alimony. After which defendant failed and refused to pay the $50 per month. “Upon the affidavit of plaintiff the defendant was cited to show cause in the court below why he should not be punished for contempt in refusing to comply with the mandate of the interlocutory decree. Upon the hearing of the order to show cause the *132 defendant contended, and the lower court held, that the interlocutory decree, in so far as it related to the payment of permanent alimony, was not enforceable after the entry of the final decree; and that inasmuch as the latter decree made no provision for alimony the defendant was not in contempt. Upon that ground alone the lower court ordered the citation in contempt dismissed and respondent discharged. Prom this order the plaintiff has appealed.
“We cannot consider the merits of the question presented by the briefs for the reason that the order appealed from, being one in a contempt proceeding, is not a reviewable order. Such was the common law (9 Cyc. 61). It is the law generally (see note to Mullin v. People, 15 Colo. 437 [22 Am.St.Rep. [414] 417, 9 L.R.A. 566]), and it is expressly so provided in section 1222 of the Code of Civil Procedure. (People v. Latimer, 160 Cal. 716, 720 [117 P. 1051] ; Tyler v. Connolly, 65 Cal. 28, 33 [2 P. 414]; People v. Kuhlman, 118 Cal. [140] 141 [50 P. 382]; In re Vance, 88 Cal. 262 [26 P. 101].) Certiorari will lie when the proceedings are absolutely void for want of jurisdiction. (People v. Latimer, 160 Cal. 716 [117 P. 1051] ; Muir v. Superior Court, 58 Cal. 361; Maxwell v. Rives, 11 Nev. 213; Phillips v. Welch, 12 Nev. 158; Young v. Cannon, 2 Utah 560). In this case, if plaintiff’s position be correct, the trial court in effect refused to enforce a plain provision of a judgment, in which case mandamus would seem to be the proper remedy (Crocker v. Conrey, 140 Cal. 213 [73 P. 1006] ; People v. Latimer, 160 Cal. 716 [117 P. 1051].) In 9 Cyc. at page 65, it is stated that the extraordinary writ of mandamus will issue in contempt proceedings when the applicant has a clear right, and no other specific and adequate remedy. ’ ’
See also Cesena v. Cesena, 103 Cal.App.2d 212, 213 [229 P.2d 453]; Thomas v. Thomas, 4 Cal.App.2d 317, 318 [40 P.2d 581].
Since we conclude there is no appeal from the order of dismissal, we need not consider the points raised by appellant, Betty Butler.
Although the Notice of Appeal states the appeal is “from that certain judgment or order made and entered ... on April 11, 1966,” there was no appeal from that portion of the order granting defendant Betty Butler’s motion to order off calendar the order to show cause re modification. Therefore, we do not consider that portion of the order of April 11,1966.
The appeal is dismissed.
Kerrigan, J., and Tamura, J., concurred.